UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LEONARD MAY, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-12-64 |
| | § | |
| APACHE CORPORATION, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## ORDER ON MOTION TO REMAND

This case is before the Court on the Plaintiff's Motion to Remand (D.E. 11). Both Defendants have filed responses and additional replies have been filed on the matter (D.E. 14, 15, 16, 17, 21, 22, 24). For the reasons set out below, the motion is GRANTED IN PART with respect to the state law claims and DENIED IN PART with respect to the CERCLA claim.

## PROCEDURAL FACTS

Plaintiffs originally filed this case in the County Court at Law No. 1 in Nueces County, Texas on December 21, 2007. They alleged state law causes of action related to damage to their realty and other claims arising from the Defendants' oil and gas operations. Specific complaints included: the Defendants' failure to maintain roads, failure to comply with drill location and restoration requirements, and failure to remove debris and other junk from the property. There was also an allegation of contamination of the surface and subsurface estate. The state law causes of action that Plaintiffs set out

1 / 15

included: breach of contract, violations of the Deceptive Trade Practices Act, misrepresentation, and trespass. No federal cause of action was pled.

On March 3, 2011, the Plaintiffs added factual allegations of failure to operate a saltwater disposal pit pursuant to agreement and abandonment of equipment on the property. The causes of action were expanded to include negligence, intentional trespass, negligent misrepresentation, and nuisance. Plaintiffs also added bases for exemplary or additional damages. At that time, they dropped their factual allegations of contamination. Thereafter, in December, 2011, the Plaintiffs' environmental testing allegedly revealed contamination, including contamination of ground water.

On February 13, 2012, the Plaintiffs amended their state petition to include an alternative pleading of contamination and release of hazardous substances under state and federal law, specifically citing to CERCLA and the Texas Water Code. They included claims for remediation of the property, with contractual contribution and common law contribution. Trial was scheduled for April 16, 2012.

Defendants removed the case to this Court on February 23, 2012, on the basis that the Plaintiffs are now making a claim under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 et seq., thus posing a federal question under 28 U.S.C. § 1331. Defendants assert that this Court maintains jurisdiction over the state law claims by way of "supplemental jurisdiction" under 28 U.S.C. § 1367(a).

## DISCUSSION

### A. Removal Jurisdiction is to Be Narrowly Construed.

The burden of proving that the Court has subject matter jurisdiction in a removed case is on the party seeking removal. *E.g., Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746 (5th Cir. 1996). Removal statutes are to be strictly construed and doubts resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 200); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

### B. Plaintiffs Made a Federal Claim Under CERCLA.

Plaintiffs invoked rights under federal law, CERCLA, on page 4 of their Third Amended Petition. D.E. 1-3. Defendant, Apache Corporation (Apache), with the consent of Defendant Duke Energy Field Services LP n/k/a DCP Midstream, LP (DCP), removed the case in recognition of the Plaintiffs' CERCLA allegations. D.E. 1, p. 2; D.E. 2.

Plaintiffs allege in their Motion to Remand that the CERCLA claims are not actually ripe. D.E. 11, pp. 15-16. However, they have made no effort to withdraw them or amend their complaint. Neither have they briefed any authorities for finding such claims lack ripeness. Because declaratory relief is available in advance for the recovery of future response costs, it would appear that a CERCLA claim is ripe at any time after some response costs are incurred. 42 U.S.C. § 9613(g)(2); *Licciardi v. Murphy Oil*

*U.S.A., Inc.*, 111 F.3d 396, 398 (5th Cir. 1997) (one of the four elements that must be proven in a CERCLA claim is that response costs have been incurred).

While Plaintiffs contend that they have not incurred any clean up costs (D.E. 11, p. 20), they have represented that contamination of the subject property was confirmed by environmental testing conducted in December of 2011 and January of 2012.  D.E. 11, p. 11 n.2.  Cleanup costs recoverable under CERCLA include not only the direct cost of removal, but of site testing, studies, and similar "response costs," direct and indirect. *United States v. R.W. Meyer, Inc.*, 889 F.2d 1497, 1500-02 (6th Cir. 1989), *cert. denied*, 494 U.S. 1057, 110 S.Ct. 1527, 108 L.Ed.2d 767 (1990).

On the face of the Plaintiff's state court petition, a CERCLA claim is ripe, has been alleged, and has not been withdrawn.  While the Court defers the question as it applies to the merits of whether the testing costs will ultimately be recoverable, the allegations to date are sufficient to establish a case or controversy.  Thus the CERCLA claim must be considered in the Court's analysis of its removal jurisdiction.

### C. Federal Court Jurisdiction to Adjudicate CERCLA Claims is Exclusive.  Thus the Court Cannot Remand the *Entire* Case.

Citing commentary to 28 U.S.C. § 1441(c), Plaintiffs ask this Court to exercise its "discretion"[1] to remand the *entire* case as involving state claims that predominate over the federal claims.  This argument fails for two reasons.  First, jurisdiction over CERCLA

---

[1] Section 1441(c) used to contain discretionary language.  However, in the most recent amendments applicable to this case, the remand provision of 1441(c) is limited in scope and mandatory when it applies.

claims lies *exclusively* in the federal courts.² 42 U.S.C. § 9613(b). Where federal courts maintain exclusive jurisdiction, the claims are not subject to remand. *See e.g., Hand v. Cargill Fertilizer, Inc.*, 157 Fed. Appx. 230, 234, 2005 WL 3293823, 3 (11ᵗʰ Cir. December 6, 2005). Such a remand would be futile in that the state court would have to dismiss the CERCLA claims for lack of jurisdiction.

None of the cases that the Plaintiffs cited for remanding the federal CERCLA claim involved claims that were within the exclusive jurisdiction of the federal courts:

- *Huntsman Corp. v. International Risk Ins. Co.*, No. H-08-1542, 2008 WL 4453170 (S.D. Tex. Sept. 26, 2008) (declaratory judgment action regarding insurance coverage with federal question jurisdiction based on commercial arbitration conventions);

- *Morales v. Meat Cutters Local 539*, 778 F.Supp. 368, 371 n.7 (E.D. Mich. 1991) (action for breach of the federal collective bargaining act, which the court expressly found to be a matter of concurrent jurisdiction);

- *Miller v. John Sexton Sand & Gravel Corp.*, No. 4:96CV315–B–B, 1996 WL 909594 (N.D. Miss. Nov. 15, 1996) (allegation that conduct violated the U.S. Constitution's commerce clause and burdened interstate commerce);

- *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 463 F.Supp.2d 583, 595 (E.D. La. 2006) (removal predicated on Federal Officer Removal Statute

---

² It appears that Defendants' reference to CERCLA's exclusive jurisdiction triggered Plaintiffs to brief issues of preemption. However, preemption has not been raised by Defendants and is not an issue here. *See generally*, 42 U.S.C. § 9614.

(held inapplicable), Emergency Medical Treatment and Active Labor Act (federal claims held to be wholly unsubstantial or frivolous), Multiparty, Multiforum Trial Jurisdiction Act (held inapplicable), Class Action Fairness Act of 2005 (held to be a local controversy triggering discretionary remand for exercise of concurrent jurisdiction)).

Second, section 1441(c) simply does not apply. That section provides for the severance and remand of claims within the definition provided by section 1441(c)(1)(B): "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute . . . ." Because the CERCLA claims are within the original jurisdiction of this Court, they are not subject to remand under section 1441(c).

The Fifth Circuit has clearly held that only state law claims are subject to remand under section 1441(c). *Poche v. Texas Air Corps., Inc.*, 549 F.3d 999, 1001 (5th Cir. 2008). Thus the Court DENIES the Plaintiffs' motion to remand to the extent that it requests remand of the CERCLA claims that they brought against the Defendants.

### D. The State Law Claims Are Within Supplemental Jurisdiction, But Are Subject to Discretionary Remand.

The fate of the state law claims is a more complex matter. The overall analysis is as follows:

> Are the state law claims within the supplemental jurisdiction of the Court? This requires determination of whether the state law claims are so related to the federal CERCLA claims that they form part of the same case or controversy under an Article III analysis. 28 U.S.C. § 1367(a).

> If not, they must be severed and remanded. 28 U.S.C. § 1441(c)(2).

> If so, they may be adjudicated in federal court or they may be remanded within the Court's discretion because state law predominates and/or the claims raise novel or complex issues of state law. 28 U.S.C. § 1367(c).

### 1. Supplemental Jurisdiction Under Subsection (a).

Supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which reads as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction of all other claims that are *so related to claims in the action within such original jurisdiction that they form part of the same case or controversy* under Article III of the United States Constitution. Such supplemental jurisdiction shall include

>   claims that involve the joinder or intervention of additional parties.

(emphasis added). The test for supplemental jurisdiction has also been expressed as finding that the claims "derive from a common nucleus of operative fact" such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Saenz v. Austin Roofer's Supply, LLC*, 664 F.Supp.2d 704, 707 (W.D. Tex. 2009) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130 (1966)).

There can be little question that the claims are sufficiently interrelated as to form part of the same case or controversy under Article III. All of the Plaintiffs' claims arise out of their relationship with the Defendants in the drilling for, and production of, oil and gas on the Plaintiffs' property. All of the claims relate to the same conduct that took place at the same time on the same property. The factual predicate for liability and defenses with respect to all causes of action lies in the contractual agreements between the parties and the operations conducted pursuant to those agreements.

The cases cited by Defendants show that other courts have found and exercised supplemental jurisdiction over state law claims joined with CERCLA actions. *McDonald v. Timex Corp.*, 9 F.Supp.2d 120, 125 (D. Conn. 1998) (state law claims for negligence, nuisance, state law cost recovery, reckless misconduct, and trespass); *Lentz v. Mason*, 961 F. Supp. 709 (D.N.J. 1997); *City of New Orleans v. Kernan*, 933 F.Supp. 565, 568 (E.D. La. 1996) (state law claims for negligence and strict liability); *Johnson County Airport Comm'n v. Parsonitt Co.*, 916 F. Supp. 1090, 1096 (D. Kan. 1996); *Arawana Mills Co. v. United Technologies Corp.*, 795 F.Supp. 1238, 1248 (D. Conn. 1992) (state

law claims for breach of the lease contract, specific performance of the lease, and nuisance); *Public Service Co. v. Gates Rubber Co.*, No. 96-N-1922, 1997 U.S. Dist. LEXIS 21488, *19 (D. Colo. Apr. 11, 1997) (state law Uniform Contribution Among Tortfeasors Act); *Seats v. Hooper*, No. 96-3244, 1997 WL 39564, 1997 U.S. Dist. LEXIS 14919, *6 (E.D. Pa. Jan. 21, 1997) (state law claims for fraud, negligence, and negligent misrepresentation).

Even courts that, applying their discretion, decline to exercise supplemental jurisdiction under subsection (c) of the statute easily concede that supplemental jurisdiction exists under subsection (a) with respect to state law claims related to CERCLA claims. *See* discussion, *infra*. The Court thus finds that it has supplemental jurisdiction over the state law claims asserted by Plaintiffs here. Consequently, the Court is not required by 28 U.S.C. § 1441(c) to sever those claims and remand them. Instead, the Court in its discretion under 28 U.S.C. § 1367(c) may decline to exercise that jurisdiction.

### 2. Discretionary Bases for Remand Under Subsection (c).

According to 28 U.S.C. § 1367(c),

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1)   the claim raises a novel or complex issue of State law,
>
> (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)   the district court has dismissed all claims over which it has original jurisdiction, or

>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Despite the superficial similarity between the CERCLA and state law claims at issue in this case, which creates supplemental jurisdiction, there are significant differences in the manner of proof, the bases of liability, and the relief available that trigger the first two bases for declining to exercise that jurisdiction.

### a. Jury Versus Bench Trial

CERCLA is a strict liability statute with straightforward issues that are tried only to the bench. Because the relief sought is in the nature of restitution and because the statute specifically calls upon the judge to apportion liability using equitable considerations, it is generally accepted that CERCLA claimants are *not* entitled to a jury trial. 42 U.S.C. § 9613(f)(1); *United States v. Viking Resources, Inc*., 607 F.Supp.2d 808, 829 (S.D. Tex. 2009) (citing *Hatco Corp. v. W.R. Grace & Co. Conn*., 59 F.3d 400, 412 (3d Cir. 1995) (holding that "a jury trial is not available in a claim brought under section 9607 [to recover response costs]"); *United States v. Ne. Pharm. & Chem. Co*., 810 F.2d 726, 749 (8th Cir.1986) (holding that recovery of response costs under CERCLA is an equitable remedy, so there is no right to a jury trial); *United States v. Lang*, 870 F.Supp. 722, 723 (E.D. Tex. 1994) (holding that no right to a jury trial arose in an action to recover response costs under CERCLA)). See also *OHM Remediation Services v. Evans Cooperage Co., Inc.*, 116 F.3d 1574, 1578 (5th Cir. 1997).

In contrast, the Plaintiffs are entitled to a jury trial on their state law claims. *E.g., Barnes v. Mathis*, 353 S.W.3d 760, 763 (Tex. 2011) (nuisance and trespass); *Exxon Corp.*

*v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 201 (Tex. 2011) (negligent misrepresentation); *Haygood v. De Escabedo*, 356 S.W.3d 390, 392 (Tex. 2011) (negligence); *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 592 (Tex. 2008) (breach of contract); *PPG Industries, Inc. v. JMB/Houston Centers Partners Ltd. Partnership*, 146 S.W.3d 79, 92 (Tex. 2004) (violations of the Deceptive Trade Practices Act); *E-Z Mart Stores, Inc. v. Ronald Holland's A-Plus Transmission & Automotive, Inc.*, 358 S.W.3d 665, 673 (Tex. App.–San Antonio 2011, pet. filed) (contamination); Martin K. Eby Const. Co. v. LAN/STV, 350 S.W.3d 675, 685 (Tex. App.–Dallas 2011, pet. filed) (Texas Water Code); *Lyondell Petrochemical Co. v. Fluor Daniel, Inc.*, 888 S.W.2d 547, 550 (Tex. App.–Houston [1st Dist.] 1994, writ denied) (contractual contribution); *Beech Aircraft Corp. v. Jinkins*, 698 S.W.2d 722, 724 (Tex. App. [1st Dist. 1985) (common law contribution), *aff'd*, 739 S.W.2d 19 (Tex. 1987).

Prior to removal, this case was set for a jury trial. D.E. 1-4, p. 15. Because the CERCLA claims are directed to the bench, proceeding on all claims in federal court would either involve two separate proceedings or the enlargement of proceedings to accommodate both simultaneously, which could unnecessarily burden or confuse the jury. Given that the state law claims are subject to jury trial whereas the CERCLA claims are not, the state law predominates this issue and favors remand to the state court.

### b. State Law Claims Involve a Plethora of Issues Unrelated to CERCLA Liability.

The elements of a CERCLA cost-recovery action and the relief available are significantly different from the litigation of state law claims as to trigger entirely different

trial strategies. See *generally*, *Licciardi v. Murphy Oil U.S.A., Inc.*, 111 F.3d 396, 398 (5th Cir. 1997); *OHM Remediation*, *supra* at 1578-79. Plaintiffs' state law claims involve issues of fault that go beyond whether the Defendant was a "responsible person" under CERCLA.

For instance, the negligence claim involves establishing a duty owed by Defendants to Plaintiffs and breach of a prudent person's duties of care. Negligent misrepresentation involves establishing that the Defendants made false representations, failed to exercise care in communication of information for the guidance of Plaintiffs, and that Plaintiffs relied on Defendants' representations to their detriment. Trespass involves status as an invitee, licensee, or trespasser and the nature of entry upon the land. Violations of the DTPA require proof that Plaintiffs are consumers, that Defendants can be sued under the DTPA, and that Defendants engaged in false, misleading or deceptive acts or other actionable conduct.

Issues of causation exist with respect to each of the Plaintiffs' state law causes of action. Moreover, the damages issues are not only related to hazardous substances, but to roads, equipment, Plaintiffs' acts in reliance on misrepresentations, and the location and manner of actual oil and gas drilling vis-à-vis contractual obligations and representations. These issues are clearly outside the scope of any CERCLA claim and state law predominates. While the parties are the same and the realty is the same, the bases for liability and the available relief is very different. Even if the damages overlap, CERCLA anticipates this problem and simply provides that any previously compensated damages may not be recovered under CERCLA. 42 U.S.C. § 9614(b).

### c. Plaintiffs Originally Filed in State Court and the CERCLA Claim Has Not Been Demonstrated to Be Substantial.

The vast majority of CERCLA cases that have considered the exercise of supplemental jurisdiction are those that were originally filed in federal court. One case recited the fact that a case had been removed from its original venue in state court as a factor to be considered in remanding the state law claims to state court. *Craig Lyle Limited Partnership v. Land O'Lakes, Inc.*, 877 F. Supp. 476 (D. Minn. 1995). Here, the case was filed in state court and remained there for four years before removal. While Defendants claim that the case was not active until the last one and one-half years, that is a significant amount of time in comparison to the time it has been in federal court on removal.

The Court also notes that questions have been raised regarding whether the Plaintiffs have incurred any response costs to support their CERCLA claim. This is some indication that, at this juncture, the CERCLA claim is not a substantial one or the "main mission" of the Plaintiffs. The comparative value of the claim has been cited as a reason for remanding the more valuable state law claims. *Coburn v. Sun Chemical Corp.*, 1989 WL 83518 (E.D. Pa. July 24, 1989).

### d. Courts Commonly Decline Supplemental Jurisdiction in CERCLA Cases.

Plaintiffs supplied this Court with citation to a bevy of CERCLA cases in which courts had pendent or supplemental jurisdiction,[3] yet declined to exercise it. Defendants have supplied the Court with a similar number of CERCLA cases where Courts chose to exercise their supplemental jurisdiction. Having reviewed each of the cases cited, the Court believes that declining jurisdiction under the circumstances of this case better serves the interests of judicial economy, convenience, fairness, and comity. *Brookshire Bros. Holding v. Dayco Products*, 554 F.3d 595, 602 (5th Cir. 2009). Plaintiffs' motion to remand is GRANTED with respect to the state law claims.

### E. Defendants' Request for Oral Hearing

Defendants have requested an oral hearing on this motion. Having reviewed the numerous submissions of able counsel and having conducted additional research, the Court believes that oral argument will not materially add to its deliberation. The requests for oral hearing are DENIED.

### F. Attorney's Fees

Because removal was proper and the Court has decided to remand only the state law claims as an exercise of discretion, the Court DENIES Plaintiffs' claim for attorney's fees incurred in filing and prosecuting their motion to remand. *Lone Star Ob/Gyn Associates v. Aetna Health, Inc.*, 557 F. Supp.2d 789 (W.D. Tex. 2008).

---

[3] David D. Siegel, *The 1990 Adoption of § 1367, Codifying "Supplemental" Jurisdiction*, commentary to 28 U.S.C. § 1367, explaining that "supplemental" jurisdiction now takes the place of "pendent" and "ancillary" jurisdictional concepts.

### G. Conclusion

Plaintiff's motion to remand (D.E. 11) is GRANTED IN PART AND DENIED IN PART. The Court DENIES remand of the CERCLA claims. The Court GRANTS remand of the state law claims for breach of contract, negligence, declaratory judgment, trespass, intentional trespass, nuisance, misrepresentation, negligent misrepresentation, breach of warranty, contractual and common law contribution, and violations of the Texas Water Code, which are hereby severed and remanded to the County Court at Law No. One, Nueces County, Texas.

ORDERED this 1st day of May, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE